THE FLINT & PERE MARQUETTE RAILWAY COMPANY V. MARTIN L. WILLEY.

*Highways.*

A road that has never been regularly laid out or opened by the proper authorities and which is in fact unused and is unfit for travel and closed against the public, is not a " highway" within the meaning of the provision of the railroad law which makes a company laying track across public highways liable for injuries resulting from neglect to restore them to a proper condition, even though the owners of land along the road had moved their fences back so as to open it as a highway and had been paid for their lands by the township and a bridge had been built upon it by the public authorities.

Error to Genesee.    Submitted Oct. 11–12.    Decided Oct. 19.

CASE. Defendant brings error. Reversed.

*Wisner & Draper* and *William L. Webber* for plaintiff in error.

*Long & Gold* for defendant in error.

MARSTON, C. J.    This action was brought by defendant in error to recover damages for injuries sustained at the crossing of the railroad with a certain highway known as the Deming road in Genesee county, it being alleged and claimed that by reason of the neglect of the company to keep the crossing in proper condition for the passage of vehicles the plaintiff below was injured by the overturning of a load of straw upon which he was riding. Unless it was the duty of the railway company to keep the crossing in question in proper condition the plaintiff was not entitled to recover.

The fifth subdivision of section 9 of article II of Act No. 198 of the Laws of 1873, p. 505, gives to such corporations the power to construct their road upon or across any highway, but requires the corporation to restore the highway to its former state as near as may be, and to construct suitable road and street crossings for the passage of teams, by fitting down plank between and on each side of the rails of such road, the top of which shall be at least as high as the top of the rails. No claim is made that a proper crossing had not been made and kept up, but the real cause of complaint was that the company within the boundaries of its line had not properly graded the highway up to the embankment or road-bed which at this point was some three or four feet higher than the highway.

It was not claimed that the highway in question had ever been regularly laid out or opened by the proper authorities, but that some time prior to the construction of the line of railroad, the owners of the land along the line of this high-

way in the vicinity of the railroad track had moved back their fences, so as to open up a highway four rods wide; that the township had paid them for the land so taken, and that a bridge had been built on the line thereof by the public. It also appeared that when the corporation's road was constructed, the highway in question was not used by the public; that a part of it was only two rods wide, and that a gate or bars was kept up across the same until long after the railroad was built, and that up to this time it was not used or traveled by the public generally but as a private way by Deming and his son-in-law.

The court charged the jury, if they should find from the evidence that Gage and Franklin, who owned the land, moved back their fences for the express purpose of a highway, making the highway there, and if the township afterwards paid them for the land to be used as a highway, and expended money upon it in building bridges,—if this was all done, previous to the railroad being built, then it would be a highway to all intents and purposes the same as though laid out and recorded.

We are of opinion that the evidence did not justify this charge as given, and that under the evidence given the jury could not find a highway. The mere fact that fences had been moved back, the lands so to be used paid for, and a bridge built, would not constitute this a highway, where it clearly appeared in connection therewith that the land was so low, wet and marshy that it could not be used by the public and when a barrier was erected and maintained across it to prevent its general use by the public. There was here no highway for the railroad company to restore within the meaning of the statute. We need not therefore pass upon the other questions raised in the case, as the plaintiff failed to prove the case alleged in his declaration.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.